Good morning, Council. Would you, those who are going to present before us, cross the podium and identify yourselves, please. Good morning, Your Honor. Stevie Coddington for Bank of America. Good morning. Good morning, Your Honor. Robert Shearer, the defendants of Thomas B. Polak and Ola Adeyiga. All right. Thank you very much. Mr. Shearer, are you going to give us a rebuttal? Yes. A couple minutes? Okay. Whenever you're ready. Whenever you're ready, sir. May it please the court? I would, first of all, like to indicate that we will rest on the grace period argument on our brief. I'd just like to. Well, I think we want to hear about that. We do. Well, I just, if we're going to start there, basically, I just think the trial judge assumed that since there was no response by my clients, or by Olufemi, that he had waived supposedly these assertions that were not contained in the complaint. I don't think the trial judge thought it was a matter of waiver. I think he thought it was an admission, a failure to deny. I agree. Does the complaint say that all notices required to be given were given? It does. All right. So was there some authority for what the trial court did then? Yes, there was. Okay. So then how do you counter this? Well, I just think it's fundamentally unfair to take these as admissions when you're basically dealing with an answer, a pro se answer from Olufemi, and saying that since he didn't respond specifically to this, that these are – Well, isn't the issue then whether the statute was complied with? Yes. All right. So let's talk about that. There was a motion by the, by your clients, that they wanted to notify the court of a change of address. I believe so. I wasn't involved in the case at that time, but I do remember something to that effect. Were they no longer living at the address of the property? I'm not certain about that. Mr. Adeyaghe is in the audience today. Okay. Well, we're not going to be asking him about that. I'm asking you. You're here to – so you don't know why they asked to notify the court of a change of address. No. I do not. All right. Now, what is your idea regarding this notice requirement? Is it, is it, is it mandatory? Is it mandatory – do we need to do a mandatory directory analysis? Is the statute one that requires us to do that? Well, the statute seems to, to indicate that it's mandatory that it's, that the notice be sent. It says that no action shall be commenced unless these conditions have been met. Right. Right. Okay. So, does it then say what happens if you don't do that? No. It doesn't. Well, when it doesn't say what happens when you don't do it, don't the cases tell us that then we have to do a mandatory slash directory analysis to determine whether or not the legislature intended something when they incorporated this requirement? I believe that's correct. Okay. So, don't the cases say that if there's no, if there's no consequence, that's when we start to do the analysis? But if in the analysis we conclude that there would be harm or injury occurring, then more than likely the legislature intended this to be mandatory, that it shall take place. Yes. Okay. I agree. So, in this case, do we have any evidence that the bank didn't send the notice or  We have affidavits by BOLA and OLOFEMI that they did not receive it, but there's nothing specific in the record that I can see that indicates that it was sent by the bank. Okay. And this, I would presume that the affidavits by my clients would raise the issue. There was no response to this by the bank, so I Well, when they raised the issue, they moved to dismiss, correct? Yes. And the trial judge then concluded that the complaint stated that all notices required to be given were given. And then he relied on the statute, the Mortgage Foreclosure Act, that says that if you follow this form, that the complaint is acceptable. Right. Okay. And then he went on to say, I'm not sure at this point who has the case, whether it was still Judge DeLorte or if it was Judge Cotto. Do you know? I think it was Judge DeLorte. Okay. So, he went on to say that since the complaint followed the statute and said that they had given this notice, that then their admission or their failure to deny was an admission. Yes. But Then he relied on probably one of his own decisions in another case saying that this was one of the included, admitted allegations. But the statute, but the complaint only says that all other notices required to be given were given. Right. How does someone who really doesn't know their way around know what they're admitting to if it's some other notice that was supposed to be given? They do not know. All right. Are you asking that we dismiss the case because of the failure to receive the notice or would it be your suggestion that we, forgetting the other issues, I know you've raised multiple issues, that we remand this for an evidentiary hearing to determine whether or not the bank ever complied with that provision? Well, I think in the alternative I would be agreeable to remanding the matter for an evidentiary hearing to see whether or not those notices have been sent. Well, but you're primarily asking that we vacate every order. Yes. All right. Okay. Well, I just wanted to talk about that. Do you believe that the bank has, do you believe the record doesn't show that they sent the notice? Correct. Okay. But in their complaint, they did say that they sent all notices to be required. Yes. And does this foreclosure act, would you agree, say that if you follow this complaint substantially in this form that you've complied with your requirements for pleading at least? Right. Okay. All right. So what are we supposed to do with that? What are we supposed to do with that statutory provision that says that if you use this complaint that then we, it's assumed that pled within the complaint is that all notices are given. There's a notice requirement for a notice of a statutory grace period. I'm sorry, a notice of a grace period. So now we're, based on the statute, we presume that that notice, that it's alleged that the notice is given. Your clients answer the complaint and they don't deny that. So what are we supposed to do with that? I mean, you know, when something's not denied, it's deemed admitted. Is there a special rule that says that if it's a pro se litigant, we don't follow that rule? I mean, tell us how to find, tell us how to find a way to ignore that statutory provision. I, as I stated earlier, and you just mentioned, I think the problem is you have a pro se litigant here. I don't know, I just. It's just unfair. Yes, the language is just unfair. You have some, I know that we made you talk about the grace period provision and you didn't want to talk about that. Do you have some other grounds that you wish to discuss? Right, right. All right, go ahead. Just some general propositions. Where there's no cause of action properly stated, it's improper to enter a summary judgment or a default judgment. So the question is, did they properly, under 15-1504, set forth the proper cause of action for mortgage foreclosure? In 3N of their complaint, they claim that they have basically standing because they're the mortgagee. Now, 15-1504, 3N, does not include mortgagee as one of the entities or individuals that have standing. However, mortgagee is defined by the foreclosure law as a holder of the note. The problem is that the exhibits attached to the complaint in effect contradict the allegations contained in Section 3-N of the complaint, and therefore the exhibits would prevail. The note is made out to Aegis Wholesale Corporation. They are the payee on the note. There is no endorsement in blank. Now, the bank has argued that all they have to do is file the note without endorsements. And also, there's a prove-up affidavit here, which is a prove-up for the amounts owed, but where they stuck in a legal conclusion that BAC was the holder of the note. So they then conclude, since the appellants never filed any counter- affidavits, that this is admitted. However, the general rule is true on a summary judgment. If it's supported by an affidavit and that affidavit is not contradicted, then the factual allegations are admitted. This is a legal conclusion. It is not admitted by the failure to file a counter-affidavit. The problem here is that they allege an assignment of the mortgage from Aegis through MERS to BAC, but there's never any indication that the note has been transferred to BAC. A holder, as defined by the UCC, is a person or entity in possession of the note. The payee in the note has to be the same entity that holds the note. Neither is true here. They go off on many pages as to how the arguments against the assignment are invalid. You know, we never proved that Mr. McAllister, who was the supervisor attorney over at Fidelis, wasn't a signatory for MERS. Again, we raised this in the trial court. They never responded to it. Did you raise this, though, at a time after the judgment of foreclosure had been entered? What is your response to their suggestion that you're presenting a new theory that wasn't presented to the trial court? You did it on a motion to reconsider. Well, first of all, I don't think it was a motion to reconsider. They're trying to fit me into the legal principle that the common law principle that motions for matter or new matters raised on a motion for reconsideration cannot be raised on appeal. But the cases cited by them all involve situations where there was a final and appealable order entered by the trial court. Within 30 days, the motion for reconsideration was filed. Here, the only final order in the mortgage foreclosure is the order confirming the reported sale. When I filed this motion, the property hadn't even been sold at that point. So, obviously, the trial court still had jurisdiction, and I could. Yeah, but aren't you really raising a stamping issue? Well, it could be, but the primary issue is that they're not a holder of the note. And so there's no under- Because of the endorsement? The lack of endorsement? The lack of endorsement and the fact that it's made out to Aegis Wholesale Corporation, not BAC. Under 15-1504, I don't think they've stated a valid cause of action. We have the Bayview case versus Bayview Loan Servicing versus Nelson, which indicates that if there's no indication that the- Let me just read it to you. Bain, are you talking about? No, Bayview Loan Servicing. Oh, Bayview Loan. Yeah. It's from another district. Right. Where there is no evidence that plaintiff bank ever obtained sufficient legal interest in the subject property to establish standing, and that there is no evidence that plaintiff bank is a holder of the promissory note, there is no basis for the entry of summary judgment in plaintiff's favor. Also, as to the default judgment, even the rules, the local court rules of the mortgage foreclosure section, Rule 2, Roman Numeral 2B2, indicate that in order to obtain a default judgment, the plaintiff has to establish its standing in relation to the promissory note in question before the court will enter an order of default and a default judgment of foreclosure and sale in plaintiff's favor. Here, there's no establishment of a relationship to the note. They're not a holder. I just don't see how they established this under any circumstances. I think all the argument on whether or not the assignment was valid or not is kind of irrelevant at this point, given the fact that they're not a holder. So for those reasons, I would respectfully request that this court vacate or reverse the summary judgment against Olufemi Adeyeghe, the default judgment against his wife, Bola, the judgment of foreclosure and sale, the sale itself, and also the order confirming the report of sale and the order of possession. Thank you. Thank you, counsel. Good morning, Your Honors. My name is Phoebe Coddington. I'm with Winston & Strong, and I represent Bank of America in the appeal. This is a simple appeal about whether the circuit court committed any reversible error in entering summary judgment, judgment for foreclosure, and confirming the sale. What did the temporary bar mean? Oh, I was admitted Pro Hoc B.J. Oh, all right. I'm North Carolina. Yes, yes, Your Honor. I was given a temporary bar number for making an appearance. The simple answer is no. The court committed no reversible error here. As this court found in both Mersby Barnes and Nationwide v. Ortiz, a borrower must raise his affirmative defense of standing before the court enters judgment for foreclosure, or he's waived such a defense. And here, appellants did not raise their standing defense until after the circuit court entered summary judgment against Mr. Adeyeghe and a default judgment against Bola. For these reasons, the defense is waived. Furthermore, because they did not raise their standing until after they filed a motion for reconsideration, their standing argument is waived on appeal. They can show no error in the circuit court's various judgments. They produced no evidence at summary judgment that created a genuine issue of material fact or in dispute or even contradicted Banna's proof. They waived their alleged defenses by failing to raise them timely, and they simply cannot show any error below and for those reasons. Well, what about the issue regarding the notice? Um, the statute, as you know, requires the mortgagee to send the notice. Yes. And, um, the... And they've moved to dismiss in the trial court, and in their motion, they said that we never received the notice. Now, from that, we can at least infer it's a reasonable inference that if they didn't receive it, then it wasn't sent. So if it wasn't sent, uh, do we have a problem? I don't think so. The statute only requires that it's sent by U.S. mail, and there's no allegation or proof that it wasn't sent by U.S. mail. Okay, well, I guess you're missing what I'm asking you. I understand. I mean, the fact is not whether they receive it. The fact is whether it's sent. Okay, now, is there anything in the record that shows that they sent it? There are the deemed allegations, as you discussed earlier, um, that state that if the, um, the complaint is substantially compliant with Section A of the statute, then there are deemed allegations that the notice was sent. And so that is part of the reason why the complaint was substantially in compliance with Section A, and so those allegations were deemed there. But on a motion to dismiss, if they raise the question of that, whether the notice, uh, was ever sent, the court has to look a little further, doesn't it? Well, the motion to dismiss was untimely in and of itself. I mean, it wasn't properly brought up. Well, I'm not sure I understand that reasoning. Untimely? Well, motions to dismiss are usually the first pleading that comes out after a complaint. Right, but there's nothing that prohibits someone from filing a motion to dismiss when they determine that something, uh, irregular has occurred. Like, uh, well, I think the appropriate... And do you think that the statute doesn't require that you send the notice? I believe that the statute clearly says the notice must be sent. All right. And what in the record suggests that the notice was sent other than a statement in a complaint to foreclose that all notices required to be given were sent? There, there's nothing clearly in the record that shows, other than the deemed allegations in the complaint, the failure for the Adiegas to provide any evidence in summary judgment that, that created a genuine issue of material... Okay. When they said they didn't get it, I think that's a question of material fact. But... Well, but it's not a question of material fact if it's admitted, is it? Right. It's admitted. If it's pled in the complaint and we accept the fact that it's pled in the complaint and it's admitted, that's taken away from whether it's a question of fact. It's there. It's admitted. So the, but the question before us that Mr. Scheer raised is, is that fair and should we consider whether that's fair in this situation when you have something that admittedly by statute is not actually said it's just presumed that it's said that all, that this notice was sent and you have a pro se litigant who answers the complaint and rather unwittingly files an admission. Is that, is that fair and, and, and should we be asking ourselves is that fair? I think the legislature in creating a statutory scheme such as the foreclosure does, balances the interest of both sides and in creating the statute where it allows those allegations to be deemed allegations and not clearly applied. They must have made a determination that the, the actual act of filing the complaint that's substantially compliant is enough to show that that person sent the notices that are required under the previous statute. Well, maybe those, the complaint should allege what those notices are that were sent so that when the person is deemed to have admitted them they're admitting something other than all notices required to be sent under the statute have been sent. The statute doesn't require that. The statute lays out a form complaint that the bank followed and in that it should be enough. The statute gives you a safe harbor for following that. Well, what do we do if the notice was never sent? The notice, the fact that the notice was sent has been admitted by their failure to contest it. They never said anything in the original answer. They admitted that when the bank said that other notices required to be given were given, were given. Right. What were these other notices? Whatever other notices are required in order to file a complaint. What are those notices? Is one of them this notice? Yes. And you think it's simply enough to say that since we followed the form, there's, everything's admitted here and therefore we don't do anything about this? Yes. I think that's what the statute says. Because if you don't send that notice, then what happens? Then you are not supposed to bring a foreclosure complaint. Right. And so would you agree that if you didn't send that notice, then the court shouldn't have granted summary judgment, shouldn't have entered the default, shouldn't have confirmed the sale under those circumstances? I think if there were proof of that, then maybe that would be under those circumstances. But here there's no proof that the notice was never sent. Well, actually, you're saying that, but they filed affidavits, did they not? They filed affidavits saying they never received it. And the question is whether it was sent. And does that cause us to infer anything? I don't think so. I don't think you can. I mean, the fact is what the statute requires is not that the borrower received it. But really, do you really mean that? Do you mean that the statute doesn't really suggest that the idea is to get the notice to the borrower? I understand what you're saying. Do you really think that the statute was meant to have the bank make sure they sent the notice? But that's it? We just want you to get it out there. But it really doesn't matter. And it's really not required that they receive it. What's the point of this whole thing then? Well, I think the easiest way to make sure that the statute is complied with is to make sure it was sent by the bank. Because there are many things that could get in the way of something actually being sent. So I think that it would be a difficult matter at all if we remanded this matter for the trial court to determine whether in fact you actually sent that notice. And if you did, well, first of all, you should have all the documents in order that would clearly indicate that you mailed that notice to these people at  And if you sent it to the address of the borrower, you're off the hook. But if you don't send it, then there's a serious question about whether or not the court should have allowed the entry of the judgment. Because the statute was created to give the borrowers one more chance before that complaint was filed to seek counseling. And if they sought the appropriate counseling under the Act, they can then get another 30 days. Now, that's what the point of the statute is. So, if it was done, it should be a simple matter to resolve at the trial court. But the fact is that they supplied affidavits. In the affidavits, they said they didn't receive the notice. One could easily infer from that that perhaps the notice didn't go out. The statute is clear that it has to go out before a complaint was filed. So, in my opinion, there is a question of fact based on an evidentiary hearing without any problem at all. I'm sure that's true. I'm sure it would be easy to provide that evidence. I just don't think it's required. Well, what other notices would be included in that phrase from the statute that all notices are sent? What other notices are required? I mean, what I'm saying is that the statute says you can't file a complaint at all until 30 days after that notice is set.   deemed allegations kind of do in the form complaint is say that obviously that notice must have been sent before. So, the statute says you can't file a   days after that notice has been sent before you file this complaint. And by filing this complaint you've said that that notice has been sent, you complied, you waited 30 days, and then the notices that you were required to do in order to file your complaint have been done. Isn't this a relatively recent enactment? 30 days to give you time to seek counseling? Wasn't it enacted in 2013 or maybe I'm wrong? 2009. Yes, okay. And so you're referring to the 1987 act and back then this wasn't a notice that was even required when that statute that said that these that all notices that need to be given were given. It wasn't even in effect then, was it? I understand. I think but I mean is that a are you saying yes? I'm not sure I'm prepared to answer that question one way or another right now. I just I think that by using the form complaint that the bank did and filing it in accordance to the statute that it's supposed to in the form that the legislature has deemed necessary and by saying that all notices were filed waiting 30 days is a prerequisite to filing the complaint in general means that the bank has done what it's supposed to do including that prerequisite notice of the grace period. Well and so I think that my suggestion is not that under these facts that that everything that was done should simply be undone. My suggestion merely is is that if there's any question about whether the notice was sent not whether they received it because I agree with you the requirement is that you send it out by regular mail you don't even have to get a receipt that if you establish that then everything that took place was appropriate. However if that wasn't done then I think there's a question of whether or not all of the orders that followed were appropriately entered. I think the trial court made the right determination in deciding that they were deemed allegations that they were admitted here. And I think that there's no proof  or another that the notice was not sent in compliance with the statute. So I would submit that the trial court's order should be affirmed in full. If you have any more questions, thank you. Mr. Scheer? There's been some argument to the effect that Olufemi did not file an affirmative defense challenging standing. If you take a look at his pro se answer as to paragraph 3 and again, he indicates that he's challenging standing on the basis that there's no endorsement in blank  no assignment of the note to BAC. So I think that that has to be construed in effect as an affirmative defense. Also Wasn't the assignment attached to the original complaint that foreclosed? I believe it was. No, no, that was the assignment of the mortgage. And there was no indication in there that it was assigning the promissory note. In fact, Femi's first lawyer filed a response to the summary judgment motion motion for default and in that he also asserted argued  was no standing on the part of BAC. Thank you very much. Alright, thank you counsel for your excellent presentations. We'll take  break.